Joseph L. Garretson and Robert McCoy Jocelyn, Impleaded with the Fulcher-Harris Hardware & Supply Company, West Pullman Lumber Company and F. C. Jocelyn, v. Appleton Manufacturing Company.

1. INJUNCTIONS—*To Stay a Suit or Judgment—Venue.*—Where an injunction is granted to stay a suit or judgment at law the proceeding must be had in the county where the judgment was obtained or the suit is pending.

2. MECHANIC'S LIENS—*Stay of Proceedings on General Settlement.*— Under section 41, chapter 82, R. S., entitled Liens, upon filing a bill or petition for a general settlement the court may, on motion of any person interested, stay further proceedings upon any judgment against the owner on account of liens, etc.

**Injunction.**—Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1895. Reversed. Opinion filed December 10, 1895.

## STATEMENT OF THE CASE.

During the month of April, 1894, appellants entered into a contract with the appellee, whereby appellants were to construct a certain blacksmith shop and foundry for appellee, upon land to be designated by the appellee, situated in Kane county, Illinois. Subsequent to the completion of the said buildings, appellants instituted suit in assumpsit in the Superior Court of Cook County, seeking to enforce a recovery under their contract. Subsequent thereto, the West Pullman Lumber Company and the Fulcher-Harris Hardware and Supply Company, who were sub-contractors under appellants on said buildings, filed their petitions to enforce mechanic's liens on the said buildings, in the Circuit Court of Kane County. Nothing had been done beyond getting the case in the Superior Court of Cook County at issue, and filing the petition for mechanic's liens in the cases of the West Pullman Lumber Company and the Fulcher-Harris

Hardware and Supply Company v. Appleton Manufacturing
Co. in the Circuit Court of Kane County, when appellee
filed a bill for injunction in the Circuit Court of Kane
County, enjoining appellants, who were residents of Cook
county, and upon whom personal service had not been ob-
tained, from prosecuting the case in assumpsit in the Supe-
rior Court of Cook County, and also enjoining the West Pull-
man Lumber Company and the Fulcher-Harris Hardware
and Supply Company, also residents of Cook county, and
upon whom personal service had not been obtained, from
prosecuting their petitions for mechanic's liens in the Cir-
cuit Court of Kane County. It was to reverse the order of
the judge of the Circuit Court of Kane County, allowing the
injunction, that this appeal was prosecuted.

THOMPSON & CURTIS, attorneys for appellants.

CLIFFORD & MORE, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE
COURT.

This is an appeal from an order of a circuit judge, granted
in vacation, enjoining the prosecution of a suit at law by
appellants in the Superior Court of Cook County.

The bill was brought in the Circuit Court of Kane
County and was presented to the judge of that court in that
county. It shows that appellants built for complainants a
foundry at Geneva, Illinois, and had sued for balance due in
Cook county, and that others had filed petitions for liens as
sub-contractors. An injunction was asked against the suits,
damages claimed, and also that there was not enough to pay
liens.

Sec. 4, Ch. 69, R. S., relating to injunctions, reads: "When
an injunction shall be granted to stay a suit or judgment at
law, those proceedings shall be had in the county where
the judgment was obtained or the suit is pending."

Sec. 41 of the Mechanic's Lien Law, under which appel-
lees procured this injunction, reads: " Upon the filing of

such bill or petition the court may, on the motion of any person interested, stay any further proceedings upon any judgment against the owner on account of such lien."

Under the first quoted section appellees were entitled to an injunction only upon instituting their suit for injunction in Cook county. Under the other section quoted, they were entitled to no injunction as against the prosecution of a suit at law merely, but only to enjoin the enforcement of a judgment lien after judgment obtained.

These points are so clearly decisive that we do not deem it necessary to consider, in this opinion, others raised and argued by appellants.

Order as to appellants reversed.